IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| RITA PATIENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 08-02090 |
| v. ) | |
| ) | |
| BETHESDA LUTHERAN HOMES AND ) | |
| SERVICES, INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

This action alleges unlawful termination of employment, including counts identified as brought under the "Resident Abuse Whistleblower Act" and the "Adult Abuse Whistleblower Act." The Defendant Bethesda Lutheran Homes And Services, Inc. operates homes for the mentally and physically disabled and Plaintiff formerly worked for Defendant as a client case manager. Plaintiff now operates a case management business. Given the nature of this action, the parties are likely to propound and receive discovery requests, and solicit and receive testimony, seeking the disclosure of confidential and proprietary information. Information about Defendant's current or former employees (personnel records regarding compensation, benefits, performance, personnel decisions and medical records), information about the medical issues or treatment of persons or clients served by Defendant and planning information regarding the strategy related to the direction of Defendant's business already maintained as confidential by Defendant shall be treated as confidential and shall not be disclosed except as provided in this Order  Disclosure of such information may violate the privacy of third parties and employees who have not authorized public disclosure of such information.  Furthermore, disclosure of Defendant's strategic planning information already

maintained as confidential may interfere with Defendant's ability to operate its business or compromise its competitiveness given that Plaintiff now operates a case management business. Accordingly, upon consideration of the parties' jointly submitted Protective Order concerning the foregoing described categories of information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is ORDERED:

1. Information (whether in the form of documents, interrogatory responses, deposition testimony, or other form) produced or exchanged by any of the parties to this action, or any of their attorneys, limited to the following categories: (a) information about Defendant's current or former employees (personnel records regarding compensation, benefits, performance, personnel decisions and medical records), and (b) information about the medical issues or treatment of persons or clients served by Defendant and (c) strategic planning information related to the direction of Defendant's business already maintained as confidential by Defendant shall be treated as confidential and shall not be disclosed except as provided in this Order. The above information shall hereafter be referred to as "Confidential Information" in this Order. PROVIDED, counsel for the party designating any information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2. All Confidential Information produced or obtained from any other party in the course of this action, through discovery or otherwise, shall be used by the party to whom such information is produced solely for the purpose of this litigation and for no other purpose and the Confidential Information shall not otherwise be disclosed to anyone.

3. A party may designate written material as Confidential Information by marking each page of such material with the legend "Confidential" as appropriate, or the party may designate

material as confidential and subject to this Protective Order by stating in response to a discovery request that the document is confidential and subject to this Protective Order. Wherever it appears that Confidential Information may be revealed in a deposition taken after the date of this Order, a party may provisionally designate the material on the record at the time of its disclosure as "Confidential" and may move the Court to have the particular portion of the record covered by the Order and filed under seal. The parties will follow the Court's administrative procedures for electronically filing documents in civil cases.

     4.     Confidential Information produced by or obtained from any other party in the course of this action, through discovery or otherwise, shall be used by the party to whom such information is produced solely for the purpose of this litigation and for no other purpose, and it shall not otherwise be disclosed to anyone or used otherwise except as expressly provided in paragraphs 5 and 6 below. Confidential Information may be used, consistently with the terms of this Order and subject only to the limitations stated in this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

     5.     Neither the Confidential Information nor its contents shall be disclosed to any person without the agreement of the party designating the information as confidential, PROVIDED that counsel may, without further agreement or Court order, disclose Confidential Information or its contents to the following persons for use solely in connection with this action:

     a.     The named parties to this action, all of whom have agreed to be bound and are bound by the terms of this Order;

     b.     Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

      c.  Experts or consultants retained by the parties in this action;

      d.  Any person who is an officer, director or employee of any reproduction or litigation document handling service whom counsel specifically authorizes to work on this case;

      e.  Any person from whom testimony is being taken, has been taken or is reasonably expected to be taken in this action (whether in deposition or at trial), at a reasonable time before such testimony or during such testimony;

      f.  The Court and its personnel before which this action is pending and any members of a jury;

      g.  Any court reporters and/or videographers present in their official capacity at any hearing, deposition or other proceeding in this action.

6.    Each person referred to in subparagraph 5 c. who has been shown or given access to Confidential Information, or information derived therefrom, shall sign an acknowledgement stating that he or she has read a copy of this Order and agrees to be bound by its provisions, which acknowledgment shall be retained by counsel for the receiving party who provides such material or information to such person.  A copy of the acknowledgment will be delivered to the opposing counsel, upon request, after the parties have designated experts.

7.    The parties will seek the permission of the Court before filing any documents under seal.  All materials designated as Confidential Information that are filed with the Court, and any pleading, motion or other papers filed with the Court containing or disclosing such information, shall be filed and kept under seal until further order of the Court; provided, however, that such information shall be available to the Court and other persons to whom Confidential Information may be disclosed in accordance with paragraph 5 of this Protective Order.

8.    In the event that a party inadvertently produces information that is protected by the

4

attorney-client, work product doctrine or any other privilege, within a reasonable time after the producing party or third party discovers the inadvertent disclosure, the producing party or third party may make a written request to the other parties to return the inadvertently produced document. All parties who received the inadvertently produced document will either return the document to the producing party or third party or destroy the document immediately upon receipt of the written request. By returning or destroying the document, the receiving parties do not concede that the document is privileged and do not waive their right to later challenge the privilege claim; except that they may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.

      9.     Prior to the time of trial or at such earlier time as it becomes necessary for the parties to rely upon Confidential Information in connection with a motion or hearing, the parties shall attempt in good faith to remove the physical label designation of "Confidential" with respect to deposition transcripts and exhibits to the greatest extent possible.

      10.    Except for this action, the parties agree that if a party is required by law or order of governmental or judicial body to release Confidential Information produced by another party or third party as to which it obtained access pursuant to the Protective Order, the party so required shall notify the producing party or third party in writing within three (3) working days or receipt of actual notice or within three (3) working days of the determination that the Confidential Information is to be released or within three (3) working days prior to such release, whichever is soonest, to permit the producing party or third party to contest the release.

      11.    This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

12. Producing or receiving materials or otherwise complying with the terms of this Order shall not (a) operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information or a trade secret under applicable law; or (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or ©) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or (d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

13. After final resolution of this action and within thirty (30) days following a written request, all Confidential Information and reproductions thereof shall be: either (a) returned to counsel for the party who provided the information; or (b) destroyed, and counsel for the party receiving the information shall sign a certification attesting to such destruction. PROVIDED, this return or destruction rule shall not apply to Court personnel. PROVIDED, the parties may seek leave to re-open the case to enforce the provisions of this Protective Order.

14. Any party may at any time and for any reason seek modification of this Protective Order. In the event either party disputes the appropriateness of the other's designation of documents or information as confidential pursuant to this Order, then the party shall first attempt to resolve the issue with opposing counsel and then, if unsuccessful, may apply to the Court for an order declaring specific documents or information to be removed from the Protective Order and no longer treated as confidential. This Protective Order can be modified only by written agreement approved by the Court or by Order of the Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**IT IS SO ORDERED**.

Dated this 9th day of July, 2008 at Kansas City, Kansas.

s/ David J. Waxse  
Judge David J. Waxse  
United States Magistrate Judge

cc: All counsel and *pro se* parties

Agreed to and submitted by,

s/ *Gregory D. Ballew*
James R. Holland, II Kan. #17796
Gregory D. Ballew Kan. #17214
FISHER & PHILLIPS LLP
104 West 9th Street, Suite 400
Kansas City, MO 64105
Phone: (816) 842-8770
Fax:     (816) 842-8767
E-mail:gballew@laborlawyers.com
ATTORNEYS FOR DEFENDANT

/s/ *Theodore J. Lickteig*
Theodore J. Lickteig Kan. #12977
Law Offices of Theodore J. Lickteig
10100 West 87th Street, Suite 301
Overland Park, Kansas 66212
Phone: (913) 894-1090
Email: tjllawoffce@planetkc.com
ATTORNEYS FOR PLAINTIFF

-and-

Richard L. Berry Kan. #09528
8686 West 96th Street, Suite 210
Overland Park, Kansas 66212
Phone: (913) 341-7576
Email: richberry@everestkc.net
ATTORNEYS FOR PLAINTIFF